UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **TIM BOYLES, an individual** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 05-CV-0513-CVE-SAJ |
| ) | |
| **VISTEON CORPORATION,** ) | |
| **a Delaware Corporation** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

Now before the Court is Plaintiff's Opposed Application to Enforce Settlement (Dkt. # 99) and plaintiff's Motion for Evidentiary Hearing (Dkt. # 108). The Court has reopened this case to consider plaintiff's claim that Ford Motor Company ("Ford"), a non-party, has not fulfilled its obligations under a settlement agreement negotiated between plaintiff and Visteon Corporation ("Visteon").

**I.**

Plaintiff Tim Boyles ("Boyles") worked as a salaried employee at Visteon's Tulsa Glass Plant ("TGP"). Boyles was considered an employee of Ford, but that changed in June 2000 when Visteon became a separate legal entity. From that time, plaintiff was considered an employee of Visteon. In 1998, plaintiff had applied for acceptance into an apprenticeship program managed by Ford and United Auto Workers ("UAW") but, by 2004, he had still not been accepted into the apprenticeship program. If plaintiff were accepted into the program, he would be treated as a Ford employee, and he would be entitled to receive retirement benefits under Ford's 30-and-out early retirement program ("30-and-out").

In October 2003, Boyles took 30 days of leave under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA"). Boyles claims that he was given a poor performance evaluation in retaliation for taking FMLA leave, and he filed an internal grievance with Visteon. Boyles and Visteon were able to reach a compromise concerning his claim. Visteon claimed that it agreed to offer plaintiff a salaried position in a different department or recommend that plaintiff be placed in the apprenticeship program. Plaintiff believed that Visteon was supposed to present him with both options, and that he would be given a choice between both positions. In the end, Visteon offered plaintiff a salaried position in its traffic reporting department only. Plaintiff claimed that Visteon breached the parties' agreement, and he filed a breach of contract claim against Visteon in this Court.

The Court ordered the parties to attend a supplemental settlement conference on June 13, 2006, and the parties agreed to a settlement of plaintiff's claim. Visteon agreed to pay plaintiff a monetary award and also agreed to move plaintiff into the apprenticeship program. A material consideration for the settlement agreement concerned Ford's willingness to credit Boyles for his time at Visteon under Ford's 30-and-out program. Visteon agreed to talk to Ford, but Visteon informed plaintiff that it could not guarantee that Boyles' years with Visteon would count for the 30-and-out program. Any decisions regarding the 30-and-out program were solely within Ford's discretion. Before the settlement agreement was executed, Visteon's counsel sent plaintiff's counsel an e-mail stating that "[c]ontingent on Ford's approval, Boyles will be placed in the Tulsa Glass Plant Joint Apprentice Program, and his salaried service with Visteon will count towards his eligibility for 30-and-out Regular Early Retirement under Ford's General Retirement Plan." Dkt. # 102, Ex. 1, at 1.

The parties executed the settlement agreement on June 27, 2006, but is apparent from the face of the document that Ford did not sign the settlement agreement. The agreement states:

> The Employee shall be placed in the Apprenticeship Program, on or before July 17, 2006. The parties understand that Ford will count Employee's salaried employment with Visteon for purposes of eligibility for the 30-and-out Regular Early Retirement under Ford's General Retirement Plan and/or Ford/UAW Retirement Plan, which is a material consideration for Employee having entered into this Agreement.

Id. at Ex. 3, at ¶ 6. Visteon understood that the settlement agreement was conditional upon Ford's decision whether or not to credit Boyles's employment with Visteon under the 30-and-out program, and plaintiff's counsel responded without objecting to Visteon's interpretation of the settlement agreement. Id. at Ex. 2, at 1 ("In follow-up to our telephone conversation this afternoon, if Ford does not agree to count Mr. Boyles' employment with Visteon for purposes of eligibility for the 30-and-out Regular Early Retirement, Visteon agrees that the Complete and Permanent Release and Settlement Agreement signed by Mr. Boyles on June 22, 2006, is voided.").

According to Visteon, Ford has refused to credit Boyles' time with Visteon under the 30-and-out program, and the settlement agreement is voidable. Plaintiff has filed this motion to enforce the settlement agreement, specifically the provision requiring Ford to credit all of his time with Visteon under the 30-and-out program. He has also requested that the Court hold an evidentiary hearing so that representatives from Visteon and Ford can testify about their alleged lack of compliance with the settlement agreement. The parties do not dispute that Visteon complied with all other provisions of the settlement agreement.

## II.

Plaintiff asks the Court to enforce the terms of the existing settlement agreement and he requests an evidentiary hearing on his motion to enforce the settlement agreement. Visteon responds

3

that the Court lacks authority to enforce the settlement against Ford, a non-party to this case, and that the settlement agreement should be voided due to Ford's failure to credit Boyles' years at Visteon under Ford's 30-and-out program.

The Court finds that it does not have authority to grant plaintiff's requested relied under the settlement agreement, because Ford is not a party to this case. It is a well-established legal principle that a federal district court does not have the power to enforce a settlement agreement against a non-party to a privately negotiated settlement. Grand Traverse Band of Ottawa and Chippewa Indians v. Director, Michigan Dept. of Natural Resources, 141 F.3d 635, 642 (6th Cir. 1998); Ass'n for Retarded Citizens of Connecticut, Inc. v. Thorne, 30 F.3d 367 (2d Cir. 1994); Tourangeau v. Uniroyal, Inc., 101 F.3d 300, 307 (2d Cir. 1996). While plaintiff is correct that the Court has the power to enforce a settlement agreement in a case pending before it, that does not extend the Court's authority beyond the litigants actually before the Court. Jones v. Lujan, 936 F.2d 583 (10th Cir. June 25, 1991) (unpublished disposition).[1] Plaintiff has not cited any authority that would permit the Court to order Ford to do anything in reference to the settlement agreement, unless of course, Ford signed the settlement agreement and agreed to submit to this Court's jurisdiction. The Court lacks the remedial authority to grant plaintiff the relief he requests, and his motion to enforce the settlement should be denied on that basis alone.

Plaintiff argues that the issue is not Ford's lack of compliance but, instead, whether Visteon ever secured an agreement from Ford before the settlement agreement was executed. This argument is immaterial, because the plain language of the contract did not impose any duty on Visteon to

---

[1] The Court is aware that citation of an unpublished decision is disfavored. 10th Cir. R. 36.3. However, this unpublished decision has persuasive value on a material issue not addressed in a published opinion and it assists the Court in its disposition of this issue.

VACATED

guarantee Ford's compliance.  The agreement specifically stated that the "parties underst[ood] that Ford will count [Boyles'] salaried employment with Visteon for purposes of eligibility" for the 30-and-out program, and this was a "material consideration" for the parties' decision to enter the agreement.   This did not create a contractual duty for Visteon to obtain Ford's compliance, but simply noted that Ford's decision whether or not to credit Boyles' time was material to the agreement.  According the plain language of the contract, Visteon's duties were to pay a set amount of money and to request that plaintiff be placed in the apprenticeship program.  Visteon has complied with those terms.  Visteon does not dispute that plaintiff may have the settlement agreement declared void and that plaintiff may continue with lawsuit.[2]  The Court finds that Visteon complied with the settlement agreement, and the alleged "non-compliance" was by Ford, a non-party to this case.

Plaintiff also argues that a hearing should be held to determine whether Visteon fraudulently induced plaintiff to enter a settlement, so the Court can consider whether it is necessary sanction Visteon. The Court recognizes that Tenth Circuit precedent requires the Court to hold an evidentiary hearing "where material facts concerning the existence or terms of an agreement to settle are in dispute."  United States v. Hardage, 982 F.2d 1491, 1496 (10th Cir. 1993).  Based on the Court's holding above, this rule is inapplicable.  The Court has held that Boyles' remedy under the 30-and-out program can be obtained from Ford only, not Visteon, and the Court is without authority to grant plaintiff the relief he seeks.  Therefore, a hearing would not be likely to produce any evidence

---

[2] Visteon's response suggests that the Court should consider the parties' motions for summary judgment if plaintiff's motion to enforce the settlement agreement is denied.  When the case was administratively closed on August 22, 2006, all pending motions were stricken.  The parties will have to refile their motions for summary judgment if they want a ruling on those motions.

relevant to the Court's ruling because, as a matter of law, plaintiff's motion to enforce the settlement should be denied. Second, even if the Court considered the terms of the agreement, the terms of the settlement agreement are clear and unambiguous, and Visteon has complied with its obligations under the settlement agreement. Finally, the purpose of an evidentiary hearing would be to construe the terms of the settlement agreement, not to punish Visteon. For these reasons, the Court denies plaintiff's motion for an evidentiary hearing.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Evidentiary Hearing (Dkt. # 108) is **denied**, and Plaintiff's Opposed Application to Enforce Settlement (Dkt. # 99) is **denied**. **The parties are to submit a proposed scheduling order no later than March 20, 2007, and should advise if a supplemental settlement conference is requested.**

**DATED** this 12th day of March, 2007.

VACATED

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT