# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **TIM BOYLES, an individual,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 05-CV-0513-CVE-SAJ |
| ) | |
| **VISTEON CORPORATION,** ) | |
| **a Delaware Corporation** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

Now before the Court is Plaintiff's Motion to Reconsider and/or Amend Order (Dkt. # 112). Plaintiff asks the Court to reconsider its opinion and order (Dkt. # 109) denying his motion to enforce the settlement agreement between plaintiff and Visteon Corporation ("Visteon") (Dkt. # 99) and his motion for an evidentiary hearing (Dkt. # 108). In the alternative, plaintiff asks the Court to amend its opinion and order to remove any findings of fact, because any findings of fact could have preclusive effect in a subsequent lawsuit to enforce the settlement agreement. He admits he did not submit all of his evidence with his written motion, but he anticipated that the Court would hold an evidentiary hearing on his motion. Visteon objects to plaintiff's motion. It asserts that the relief plaintiff seeks is available only from Ford Motor Company ("Ford"), and the Court's previous opinion and order was correct. Visteon also argues that plaintiff should have presented all of his evidence with his motion to enforce the settlement agreement.

The Court has carefully reviewed the briefing and its earlier opinion and order, and finds that some statements in the earlier opinion and order could be construed as binding findings of fact in a subsequent proceeding for breach of settlement agreement. Although plaintiff should have submitted all of his evidence with his written motion, the Court did not intend to infringe upon

plaintiff's right to file another lawsuit seeking relief from Ford under the settlement agreement. In the interest of fairness, plaintiff's motion to reconsider and/or amend should be granted. The Court will vacate its earlier opinion and order and, in its place, the Court will substitute this Opinion and Order.[1] However, the Court will enforce the settlement agreement between plaintiff and Visteon, except for plaintiff's claim that Ford must credit his time with Visteon under Ford's early retirement program. This will permit plaintiff to pursue his claim for breach of settlement agreement in a separate lawsuit.

**I.**

Plaintiff Tim Boyles ("Boyles") worked as a salaried employee at Visteon's Tulsa Glass Plant ("TGP"). Boyles was considered an employee of Ford, but that changed in June 2000 when Visteon became a separate legal entity. From that time, plaintiff was considered an employee of Visteon. In 1998, plaintiff had applied for acceptance into an apprenticeship program managed by Ford and United Auto Workers ("UAW") but, by 2004, he had still not been accepted into the apprenticeship program. If plaintiff were accepted into the program, he would be treated as a Ford employee, and he would be entitled to receive retirement benefits under Ford's 30-and-out early retirement program ("30-and-out").

In October 2003, Boyles took 30 days of leave under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA"). Boyles claims that he was given a poor performance evaluation in retaliation for taking FMLA leave, and he filed an internal grievance with Visteon. Boyles and Visteon were able to reach a compromise concerning his claim. Visteon claimed that

---

[1] The Court will not consider additional arguments raised by the parties in briefing on plaintiff's motion to reconsider, but will confine its discussion solely to arguments raised in the original briefing on plaintiff's motion to enforce the settlement agreement.

it agreed to offer plaintiff a salaried position in a different department or recommend that plaintiff be placed in the apprenticeship program. Plaintiff believed that Visteon was supposed to present him with both options, and that he would be given a choice between both positions. In the end, Visteon offered plaintiff a salaried position in its traffic reporting department only. Plaintiff claimed that Visteon breached the parties' agreement, and he filed a breach of contract claim against Visteon in this Court.

The Court ordered the parties to attend a supplemental settlement conference on June 13, 2006, and the parties agreed to a settlement of plaintiff's claim. Visteon agreed to pay plaintiff a monetary award and also agreed to move plaintiff into the apprenticeship program. A material consideration for the settlement agreement concerned Ford's willingness to credit Boyles for his time at Visteon under Ford's 30-and-out program. The parties executed the settlement agreement on June 27, 2006, but is apparent from the face of the document that Ford did not sign the settlement agreement. The agreement states:

> The Employee shall be placed in the Apprenticeship Program, on or before July 17, 2006. The parties understand that Ford will count Employee's salaried employment with Visteon for purposes of eligibility for the 30-and-out Regular Early Retirement under Ford's General Retirement Plan and/or Ford/UAW Retirement Plan, which is a material consideration for Employee having entered into this Agreement.

Id. at Ex. 3, at ¶ 6.

According to Visteon, Ford has refused to credit Boyles' time with Visteon under the 30-and-out program, and the settlement agreement is voidable. Plaintiff has filed a motion to enforce the settlement agreement (Dkt. # 99), specifically the provision requiring Ford to credit all of his time with Visteon under the 30-and-out program. He has also requested that the Court hold an evidentiary hearing so that representatives from Visteon and Ford can testify about their alleged lack

of compliance with the settlement agreement. The parties do not dispute that Visteon complied with all other provisions of the settlement agreement.

## II.

Plaintiff asks the Court to enforce the terms of the existing settlement agreement and he requests an evidentiary hearing on his motion to enforce the settlement agreement. Visteon responds that the Court lacks authority to enforce the settlement against Ford, a non-party to this case, and that the settlement agreement should be voided due to Ford's failure to credit Boyles' years at Visteon under Ford's 30-and-out program.

The Court finds that it does not have authority to grant plaintiff's requested relief under the settlement agreement, because Ford is not a party to this case. It is a well-established legal principle that a federal district court does not have the power to enforce a settlement agreement against a non-party to a privately negotiated settlement. Grand Traverse Band of Ottawa and Chippewa Indians v. Director, Michigan Dept. of Natural Resources, 141 F.3d 635, 642 (6th Cir. 1998); Ass'n for Retarded Citizens of Connecticut, Inc. v. Thorne, 30 F.3d 367 (2d Cir. 1994); Tourangeau v. Uniroyal, Inc., 101 F.3d 300, 307 (2d Cir. 1996). While plaintiff is correct that the Court has the power to enforce a settlement agreement in a case pending before it, that does not extend the Court's authority beyond the litigants actually before the Court. Jones v. Lujan, 936 F.2d 583 (10th Cir. June 25, 1991) (unpublished disposition).[2] Plaintiff has not cited any authority that would permit the Court to order Ford to do anything in reference to the settlement agreement, unless of course, Ford signed the settlement agreement and agreed to submit to this Court's jurisdiction. The Court

---

[2] The Court is aware that citation of an unpublished decision is disfavored. 10th Cir. R. 36.3. However, this unpublished decision has persuasive value on a material issue not addressed in a published opinion and it assists the Court in its disposition of this issue.

lacks the remedial authority to grant plaintiff the relief he requests, and his motion to enforce the settlement is denied on this basis alone.

Plaintiff argues that a hearing should be held to determine whether Visteon fraudulently induced plaintiff to enter a settlement, so the Court can consider whether it is necessary to sanction Visteon. The Court recognizes that Tenth Circuit precedent requires the Court to hold an evidentiary hearing "where material facts concerning the existence or terms of an agreement to settle are in dispute." United States v. Hardage, 982 F.2d 1491, 1496 (10th Cir. 1993). Based on the Court's holding above, this rule is inapplicable. The Court has held that Boyles' remedy under the 30-and-out program can be obtained from Ford only, not Visteon, and the Court is without authority to grant plaintiff the relief he seeks. Therefore, a hearing would not be likely to produce any evidence relevant to the Court's ruling because, as a matter of law, plaintiff's motion to enforce the settlement should be denied. For this reason, the Court denies plaintiff's motion for an evidentiary hearing.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reconsider and/or Amend Order (Dkt. # 112) is **granted**. The Court hereby **vacates** its earlier opinion and order (Dkt. # 109) and **substitutes** this Opinion and Order for it.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to place a watermark on the court's earlier opinion and order (Dkt. # 109) showing that this docket entry has been vacated.

**IT IS FURTHER ORDERED** that Plaintiff's Opposed Application to Enforce Settlement (Dkt. # 99) is **denied**, and his Motion for Evidentiary Hearing (Dkt. # 108) is **denied**.

**IT IS FURTHER ORDERED** that the settlement agreement between plaintiff and Visteon shall be enforced, with the exception of plaintiff's claim to retirement benefits under Ford's 30-and-

out program. Plaintiff's claims for breach of contract and fraud raised in this lawsuit against Visteon are **dismissed with prejudice.** This is a final order terminating this case.

    **DATED** this 13th day of June, 2007.

*/s/ Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE